NICHOLAS STROZZA, ASSISTANT U.S. TRUSTEE
State Bar #CA 117234
WILLIAM B. COSSITT, #3484
Office of the United States Trustee
300 Booth Street, Room 3009
Reno NV  89509
Telephone: (775) 784-5335
Fax: (775) 784-5531

Attorneys for United States Trustee
Tracy Hope Davis

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>ROBERT JOSEPH BRIGGS and<br>KRIS LYNN MATHA-BRIGGS<br><br><br><br><br><br>_____Debtors_____ | Case No: BK-N-16-50319-btb<br>Chapter: 7<br><br>MOTION TO DISMISS CASE PURSUANT TO 11 U.S.C.§§ 109(g) and 707(a) and 362(c)(4)(D) WITH PREJUDICE<br><br>Hearing Date: June 28, 2016<br>Hearing Time: 10:00 a.m.<br>Est. Time Req.:  5 min. |

Tracy Hope Davis, the United States Trustee for Region 17 (hereinafter "US Trustee"), by and through her undersigned counsel, respectfully moves the Court for an order dismissing this case with prejudice pursuant to 11 U.S.C. §109(g), §707(a), and §362(c)(4)(D) based upon the Debtors' prior chapter 7 cases, BK-N-09-53644-gwz and BK-N-15-51460-btb and prior chapter 13 case, 15-50234-gwz.

This Motion is made and based upon the following points and authorities, together with the entire record in this case, and such evidence as may be introduced at the hearing on this Motion or filed to supplement the Motion.

## POINTS AND AUTHORITIES

The US Trustee is charged with supervising the administration of cases under chapter 7 of title 11.  28 U.S.C. §586.  In furtherance of that duty, the US Trustee is granted standing to raise and be heard on any issue in any bankruptcy case or proceeding pursuant to 11 U.S.C. §307.

Pursuant to 11 U.S.C. §109(g), no individual may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if (1) the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case... .

> Pursuant to 11 U.S.C. §362(c)(4)(D), a case is presumptively filed not in good faith (but such presumption may be rebutted by clear and convincing evidence to the contrary) –
>
> (i) as to all creditors if –
>
> > (I) 2 or more previous cases under this title in which the individual was a debtor were pending within the 1 – year period;
> >
> > (II) a previous case under this title in which the individual was a debtor was dismissed within the time period stated in this paragraph after the debtor failed to file or amend the petition or other documents as required by this title or the court without substantial excuse (but mere inadvertence or negligence shall not be substantial excuse unless the dismissal was caused by the negligence of the debtor's attorney), failed to provide adequate protection as ordered by the court, or failed to perform the terms of a plan confirmed by the court; or
> >
> > (III) there has not been a substantial change in the financial or personal affairs of the debtor since the dismissal of the next most previous case under this title, or any other reason to conclude that the later case will not be concluded, if a case under chapter 7, with a discharge, and if a case under chapter 11 or 13, with a confirmed plan that will be fully performed; or

(ii) as to any creditor that commenced an action under subsection (d) in a previous case in which the individual was a debtor if, as of the date of dismissal of such case, such action was still pending or had been resolved by terminating, conditioning, or limiting the stay as to such action of such creditor.

The US Trustee requests the Court enter an order dismissing this case with prejudice pursuant to §109(g), §707(a), and §362(c)(4)(D).

## I.

## FACTS

1. Robert Joseph Briggs and Kris Lynn Matha-Briggs., (herein "Debtors") filed a voluntary Chapter 7 bankruptcy petition on October 16, 2009, case no., BK-N-09-53644-gwz. This case was dismissed August 2, 2010 for the Debtors' failure to turn over documents to their chapter 7 Trustee. A true and correct copy of the Motion for Order Dismissing Bankruptcy and Order Dismissing Case are attached as Exhibit "A" hereto.

2. Debtors filed a voluntary Chapter 13 bankruptcy petition on February 25, 2015, case no., BK-N-15-50234-gwz. This case was dismissed on August 17, 2015. Exhibit "B" hereto.

3. The Debtors filed a 2nd voluntary Chapter 7 bankruptcy petition on October 26, 2015, case no, BK-N-15-51460-btb. This case was dismissed on February 26, 2016 for the Debtors' failure to appear at their meeting of creditors and comply with their Trustee's requests for documents. A true and correct copy of the Motion for Order Dismissing Bankruptcy and Order Dismissing Bankruptcy Case are attached as Exhibit "C" hereto.

4. The Debtors filed this 3rd voluntary Chapter 7 bankruptcy on March 17, 2016 which is currently pending before the Court.

5. In this case, the Debtors have failed to file their Schedules, Statement of Financial Affairs, Statement of Intentions, Statement of Current Monthly Income and Means Test

Calculation, Disclosure of Compensation of Attorney for Debtors, and certificate of Credit Counseling. Docket #8, Notice of Incomplete and/or Deficient Filing.

## DISCUSSION

Robert Joseph Briggs and Kris Lynn Matha-Brigggs are ineligible to be debtors under title 11. 11 U.S.C. §109(g) states that an individual may not be a debtor who has been a debtor in a case pending under this title at any time in the preceding 180 days if the case was dismissed by the court for the Debtor's willful failure to abide by orders of the court or to appear before the court in proper prosecution of the case.

In this case, the Debtors filed three (3) voluntary chapter 7 bankruptcies. 180 days prior to the filing of this case, is September 19, 2015. Between September 19, 2015 and the filing of this case on March 17, 2015, the Debtors had a pending chapter 7 (case 15-51460-btb) that was dismissed for the Debtors' willful failure to appear before the court and defend their case.

Furthermore, this case should be dismissed with prejudice because of the Debtors' bad faith. 11 U.S.C. §362(c)(4)(D). In the one year period preceding this case, March 17, 2015 through March 17, 2016:

(1) the Debtors had two previous cases pending, case 15-50234-gwz and 15-51460-btb; and;

(2) the Debtors failed to file schedules and statements in case no. 15-51460 and they have failed to file schedules and statements in this case.

The Debtors are ineligible to be Debtors under title 11 and their acts of multiple filings within a one year period demonstrate their bad faith. For these reasons, this case should be dismissed with prejudice and the Debtors should be barred from filing any chapter in any

4

jurisdiction for a period of three years unless the Debtors first obtain an Order from this Court allowing them to file for good cause shown.

## CONCLUSION

Based upon the Debtors' failure to comply with 11 U.S.C. § 109(g), for cause under 11 U.S.C. §707(a) and their multiple filings within the one year period preceding this case and pursuant to 11 U.S.C. §362(c)(4)(D), the US Trustee respectfully requests the Court enter an order dismissing this case with prejudice and barring the Debtors from filing any chapter in any jurisdiction for a period of three years unless the Debtors first obtain an Order from this Court allowing them to file for good cause shown, and such other relief as the Court deems necessary.

DATED this 23rd day of May, 2016.

Respectfully submitted,

Nicholas Strozza
State Bar # CA 117234
William B. Cossitt
State Bar #3484
300 Booth Street, #3009
Reno NV 89509
(775) 784-5335

/s/ NICHOLAS STROZZA
Attorneys for United States Trustee
Tracy Hope Davis

5

## CERTIFICATE OF SERVICE

I, ROBBIN LITTLE, under penalty of perjury declare:  That declarant is, and was when the herein described service took place, a citizen of the United States, over 18 years of age, and not a party to nor interested in, the within action; that on May 23, 2016, I served a copy of the foregoing MOTION TO DISMISS CASE WITH PREJUDICE on the following parties:

☑    a.  ECF System (attach Notice of Electronic Filing or list of persons & addresses):

- W. DONALD GIESEKE    wdg@renotrustee.com, dgieseke@ecf.epiqsystems.com
- PATRICIA HADFIELD    patriciah@bankruptcyLG.com, jenniferw@bankruptcylg.com
- U.S. TRUSTEE - RN - 7    USTPRegion17.RE.ECF@usdoj.gov

☑    b.  U.S. Mail, postage fully prepaid (list persons and addresses):

ROBERT JOSEPH BRIGGS
KRIS LYNN MATHA-BRIGGS
133 RELIEF SPRINGS RD
FERNLEY, NV 89408

I declare under penalty of perjury that the foregoing is true and correct.

Signed:  May 23, 2016.

/s/ Robbin Little
ROBBIN LITTLE

6



**Entered on Docket**
**August 02, 2010**

_____
Hon. Michael S. McManus
United States Bankruptcy Judge

ANABELLE G. SAVAGE, Trustee
P.O. Box 6179
Reno, NV 89513
(775) 337-2111
angiesavage@sbcglobal.net

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

IN RE:

BRIGGS, ROBERT
BRIGGS, KRIS LYNN

Debtor(s).
_____/

CHAPTER    7
CASE NO:    BK-N-09-53644

**ORDER DISMISSING CASE UNDER 11 U.S.C.§521**

Hearing Date: July 23, 2010
Hearing Time: 3:00 p.m.

The matter of the Trustee's Motion and Notice for Order of Dismissal of the Bankruptcy Case, Based on Non-Compliance of Title 11 Sections 521 came regularly for hearing before the Court on July 23, 2010. The debtors had failed to turnover a copy of the 2009 tax return and refund (if any), failure to turnover bank statement ending with #3065 and #7953 for the period July 16 through October 16, 2009, and all documentation pertaining to the car accident on June 3, 2009, including the name of the attorney retained in the lawsuit. The Trustee having appeared and good cause appearing;

**IT IS HEREBY ORDERED**, that this Chapter 7 case be dismissed. The Trustee is discharged from office, the Trustee's bond is exonerated and this case is ordered closed.

###

ANABELLE G. SAVAGE  
P.O. Box 6179  
Reno, Nevada  89513  
(775) 337-2111  
angiesavage@sbcglobal.net  
Trustee in Bankruptcy

E-Filed on May 12, 2010

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| IN RE: | CASE NO. BK-N-09-53644 |
| | CHAPTER 7 |
| **BRIGGS, ROBERT** | |
| **BRIGGS, KRIS LYNN** | MOTION AND NOTICE FOR ORDER DISMISSING BANKRUPTCY CASE, FOR NON-COMPLIANCE OF TITLE 11 SECTIONS 521 AND 341 |
| | Hearing Date:  July 23, 2010 |
| | Hearing Time:  3:00 p.m. |
| _____ Debtor(s)/ | Time Required: 10 minutes |

TO THE UNITED STATES BANKRUPTCY JUDGE:

Trustee, Anabelle G. Savage, respectfully moves this court for an order dismissing the above-captioned bankruptcy case, based on Debtor's failure to comply with 11 U.S.C. Section 521 (4) and Section 341.

### POINTS AND AUTHORITIES

A.  **Statement of Relevant Facts:**

1. The Debtor(s) commenced this proceeding by filing a voluntary petition under Chapter 7 on 10/16/09.

2. The meeting of creditors in this proceeding, pursuant to 11 U.S.C. Section 341 and Federal Rule of Bankruptcy Procedure 2003(a) was first set for 11/23/09. The discharge is currently scheduled to be entered on August 17, 2010.

3. The Debtor(s) has failed to provide documentation and/or funds as required by the Trustee, to-wit: **Failure to turnover to Trustee the 2009 tax return and refund (if any); failure to turnover bank statement ending with #3065 and #7953 for period July 16 through October 16, 2009; and all documentation**

pertaining to the car accident on June 3, 2009, including the name of attorney retained in the lawsuit.

B. <u>Dismissal</u>

Based on the Debtor's failure to provide documentation and/or funds to the Trustee, the Trustee herewith requests dismissal of this bankruptcy case.

**WHEREFORE**, it is hereby respectfully requested that the Court issue an order dismissing this bankruptcy case, or in the alternative, the Court enter a Conditional Order of Dismissal allowing a limited time in which the Debtor can comply.

**NOTICE IS HEREBY GIVEN** that said hearing may be adjourned from time to time without further notice. Opposition to said Motion should be made in writing, filed with the court, and served on the Trustee, Anabelle G. Savage, P.O. Box 6179, Reno, Nevada 89513, no later than fourteen days from the mailing of this notice and served no later than serven (7) days preceding date as per Local Rule 9014.

(1) Except as set out in subsection (3) below, any opposition to a motion must be filed, and service of the opposition must be completed on the movant, no later than fourteen (14) days preceding the hearing date for the motion. The opposition must set forth all relevant facts and any relevant legal authority. An Opposition must be supported by affidavits or declarations that conform to the provisions of subsection (C) of this rule.

(2) Except as set out in subsection (3) below, any reply memorandum must be filed and served no later than seven (7) days preceding the hearing date.

(3) Subsections (d) (1) and (2) do not apply to:

A) Motions for summary judgement brought in any adversary proceeding;
B) Motions for which any order shortening the time for the hearing date has been obtained; and
C) Motions or contested matters for which the court has set a separate briefing scheduled either in open court or by separate order.

If you object to the relief requested, you *must* file a WRITTEN response to this pleading with the court. You *must* also serve your written response on the person who sent you this notice.

/ / /

/ / /

/ / /

/ / /

If you do not file a written response with the court, or if you do not serve your written response on the person who sent you this notice, then:

* The court may *refuse to allow you to speak* at the scheduled hearing; and
* The court may *rule against you* without formally calling the matter at the hearing. Individuals representing themselves are not exempt from this rule.

Dated: May 12, 2010

/s/ Anabelle G. Savage
Anabelle G. Savage, Trustee

Mailing of this Notice is being performed by the BNC to the entire Debtor's matrix





Honorable Bruce T. Beesley
United States Bankruptcy Judge

Entered on Docket
August 17, 2015

_____

```
 1 | SEAN P. PATTERSON, Esq.              ELECTRONICALLY FILED
   | STATE BAR NUMBER 5736                       8-14-15
 2 | 232 Court Street
   | Reno, Nevada 89501
 3 | (775) 786-1615
   |
 4 | Attorney for Debtors
   |
 5 |              UNITED STATES BANKRUPTCY COURT
   |
 6 |              FOR THE DISTRICT OF NEVADA
   |
 7 |                        * * *
   |
 8 | IN RE:                        Case No.  BK-N-15-50234- GWZ
   |   KRIS L. MATHA-BRIGGS              (Chapter 13)
 9 |   ROBERT J. BRIGGS             ORDER APPROVING EX-PARTE
   |                                APPLICATION FOR
10 |                                VOLUNTARY DISMISSAL OF
   |                                CHAPTER 13
11 |                                HEARING DATE: N/A
   |                                AND TIME: N/A
12 |            Debtor.
   | _____/
13 |
   |    The debtors having a filed an Ex-Parte Motion to Dismiss
14 |
   | Chapter 13 on August 14, 2015.  GOOD CAUSE APPEARING,
15 |
   |    IT IS HEREBY ORDERED that this case is dismissed without
16 |
   | prejudice.
17 |
   |    Respectfully Submitted this  14th  day of August, 2015.
18 |
19 |
   |                                  /s/ SEAN P. PATTERSON, ESQ.
20 |                                  SEAN P. PATTERSON, Esq.
   |                                  Attorney for the Debtor
21 |
22 |
```





_____
Honorable Bruce T. Beesley
United States Bankruptcy Judge

Entered on Docket
February 26, 2016

Christina W. Lovato
Bankruptcy Trustee
P.O. Box 18417
Reno, NV 89511
trusteelovato@att.net
(775) 851-1424

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

IN RE:

MATHA-BRIGGS, KRIS LYNN,

BRIGGS, ROBERT JOSEPH,

DEBTORS

) BK-N-15-51460-BTB
) CHAPTER 7
)
) **ORDER DISMISSING BANKRUPTCY**
) **CASE FOR NON-COMPLIANCE 11**
) **U.S.C. § 521(a) AND 341**
)
) HEARING DATE: February 24, 2016
) HEARING TIME: 10:00 A.M.
)
)
)

Trustee's MOTION FOR ORDER DISMISSING BANKRUPTCY CASE FOR NON-COMPLIANCE WITH 11 U.S.C. § 521(a) AND 341 ("Motion") was filed on January 20, 2016 and a hearing was held on February 24, 2016 at which time the Motion was granted on the basis that Debtors have failed to appear at the meeting of creditors and comply with Trustee's requests for documents and/or turnover of non-exempt assets.

IT IS HEREBY ORDERED that the Trustee's Motion is granted and this case is DISMISSED.

Order to Dismiss - 1

In accordance with LR 9021, Trustee submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

___ The court has waived the requirement set forth in LR 9021(b)(1).

_x_ No party appeared at the hearing or filed an objection to the motion.

___ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

     Approve _____      Disapprove _____      No response _____

___ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

### #

Order to Dismiss - 2

CHRISTINA W. LOVATO
P.O. Box 18417
Reno, NV 89511
Telephone: (775) 851-1424

E-mail: trusteelovato@att.net

Trustee

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

IN RE:

MATHA-BRIGGS, KRIS LYNN

BRIGGS, ROBERT JOSEPH,

DEBTORS

) CASE NO. 15-51460-BTB
) CHAPTER 7
)
) **MOTION FOR ORDER DISMISSING**
) **BANKRUPTCY CASE FOR NON-**
) **COMPLIANCE WITH TITLE 11,**
) **SECTIONS 521(a) AND 341; NOTICE OF**
) **HEARING**
)
) **Hearing Date:** February 24, 2016
) **Hearing Time:** 10:00 a.m.
) **Location:** 300 Booth Street, Reno, NV
) 5th Floor- Courtroom 2

**TO THE UNITED STATES BANKRUPTCY JUDGE:**

By this motion the Trustee respectfully requests an order dismissing the above-captioned bankruptcy case based on Debtors' failure to comply with 11 U.S.C. § 521(a)(3)-(a)(5) and 11 U.S.C. § 341, and represents as follows:

**POINTS AND AUTHORITIES**

A. <u>Statement of Relevant Facts:</u>

1. The Debtors commenced this proceeding by filing a deficient voluntary petition under Chapter 7 on 10/26/2015.

2. The meeting of creditors in this proceeding, pursuant to 11 U.S.C. § 341 and F.R.B.P. 2003(a), was first set for 12/03/15. Debtors failed to appear and the meeting has been continued to 01/28/16 at 9:00 a.m.

///

Motion to Dismiss - 1

Case 16-50319-btb    Doc 15    Entered 05/23/16 09:40:26    Page 18 of 19

Case 15-51460-btb    Doc 16    Entered 01/20/16 12:32:00    Page 2 of 3

3. Debtors have not cured filing deficiencies as requested by the Court Clerk and have failed to provide any financial documents to Trustee or otherwise contact Trustee.

B. <u>Dismissal</u>

Based on the Debtors' failure to comply with 11 U.S.C. § 521(a)(3)-(a)(5) and 11 U.S.C. § 341, your Trustee herewith requests dismissal of this bankruptcy case.

**WHEREFORE**, it is respectfully requested that the court issue an order dismissing this bankruptcy case.

**NOTICE IS HEREBY GIVEN** that said hearing may be adjourned from time to time without further notice. Opposition to said motion should be made in writing, filed with the court, and served on the Trustee, Christina Lovato, no later than fourteen (14) days from the mailing of this notice and served no later than seven (7) days preceding the hearing date as per Local Rule 9014:

(1) Except as set out in subsection (3) below, any opposition to a motion must be filed, and service of the opposition must be completed on the movant, no later than fourteen (14) days preceding the hearing date for the motion. The opposition must set forth all relevant facts and any relevant legal authority. An opposition must be supported by affidavits or declarations that conform to the provisions of subsection (c) of Local Rule 9014.

(2) Except as set out in subsection (3) below, any reply memorandum must be filed and served no later than seven (7) days preceding the hearing date.

(3) Subsections (1) and (2) do not apply to:

(A) Motions for summary judgment brought in any adversary proceeding;
(B) Motions for which an order shortening the time for the hearing date has been obtained; and
(C) Motions or contested matters for which the court has set a separate briefing schedule either in open court or by separate order.

If you do object to the relief requested, you *must* file a **WRITTEN** response to this pleading with the court. You *must* also serve your written response on the person who sent you this notice. A paper copy of any response should also be delivered to the Clerk's office identified as "Copy for Chambers" or some similar designation.

If you do not file a written response with the court, or if you do not serve your written response on the person who sent you this notice, then:

Motion to Dismiss - 2

- The court may *refuse to allow you to speak* at the scheduled hearing; and

- The court may *rule against you* without formally calling the matter at the hearing.

Individuals representing themselves are not exempt from this rule.

Dated:   January 20, 2016                    Respectfully submitted,


                                             /s/ Christina W. Lovato
                                             Christina W. Lovato

Certificate of Mailing

    The undersigned Trustee for the District of Nevada hereby certifies under penalty of perjury that a copy of this document was mailed on the date shown to the Debtors at the last known address. The Office of the U.S. Trustee will be receiving notice by the Court's Electronic Case Filing system.

Dated:   January 20, 2016                    /s/ Christina W. Lovato
                                             Christina W. Lovato

Motion to Dismiss - 3